HUMPHREYS et al. v. HOPKINS.*

No. 12,626; February 27, 1889.

20 Pac. 713.

**Replevin by Receiver—Pleadings—Findings—Judgment.**—In replevin, plaintiffs alleged that they had been duly appointed and qualified as receivers of a railroad company in another state, which thereupon delivered all its property to plaintiffs, and that the property in question had been wrongfully taken from them by defendant in this

*For subsequent opinion in bank, see 81 Cal. 553, 15 Am. St. Rep. 76, 22 Pac. 892.

state. The answer admitted the appointment and qualification of plaintiffs as receivers, but denied that the company had delivered to them its property, and specifically denied the delivery of the property in question, which defendant claimed to hold as sheriff under an attachment issued against the company. Held, that the issues demanded a finding that the property had been delivered to plaintiffs as receivers before it came into this state, and that a finding that plaintiffs were entitled to its possession when taken from them by defendant was insufficient, it being but a conclusion of law.

APPEAL from Superior Court, City and County of San Francisco; James G. Maguire, Judge.

Frank M. Stone for appellant; F. Z. Blakeman for respondents.

PER CURIAM.—The findings of the court do not respond to the issues. The complaint alleges, in substance, that on the twenty-fifth day of May, 1884, plaintiffs were by an order of the United States circuit court of Missouri, appointed receivers of all the property of the Wabash, St. Louis & Pacific Railroad Company, with authority to take possession of, control, and operate its railroad, and preserve the property; that plaintiffs duly qualified as such receivers, and thereafter the said railroad company transferred and delivered all of its property to the plaintiffs, in pursuance of said order; that plaintiffs took possession of, and ever afterward managed and controlled, the same, until interfered with by the defendant, as hereinafter stated; that the car in controversy is a part of the property so transferred; that, while plaintiffs were in possession of the car, the defendant at the city of San Francisco, April 3, 1885, wrongfully and unlawfully took it from their possession, and still unlawfully detains the same, although a demand for the possession of the car has been made by the plaintiffs.

The answer admits that the plaintiffs were appointed, and that they duly qualified and entered upon the discharge of their duties as receivers, as alleged, but denies that the Wabash, St. Louis & Pacific Railroad Company delivered any property to plaintiffs as receivers, and denies specifically that the car described in the complaint was ever transferred or delivered to plaintiffs by said company. For a further and separate answer defendant (sheriff of San Francisco) averred

that he, as sheriff of the city and county of San Francisco, in obedience to a writ of attachment issued out of the superior court, had taken and held the property on the first day of April, 1885, at the instance of the plaintiffs in an action by Payot, Upham & Co. vs. said Wabash, St. Louis & Pacific Railroad Company, wherein said firm claimed the sum of $641.71 upon an express contract.

The court found that the car in controversy was on the sixteenth day of March, 1885, at the city of St. Louis, lawfully in possession of plaintiffs; that on said last-named day said car was loaded with freight by plaintiffs and sent to the city of San Francisco, where it arrived about April 1st, in the custody of the Central Pacific Railroad Company, which company was the agent of plaintiffs for the purpose of delivering freight and returning the car to plaintiffs at St. Louis; that the defendant wrongfully and unlawfully seized and took said car from the custody of said railroad company on April 3, 1885, and continued to detain the same until September 5th following, when it was taken under due process from the defendant, and delivered to the plaintiffs in this action; that on March 24, 1885, Henry Payot and Isaac Upham were partners doing business in the city and county of San Francisco, and commenced an action against the Wabash, St. Louis & Pacific Railroad Company, as alleged by defendant, and that defendant, as sheriff, took and held possession of the car, as alleged by him.

It is apparent from the allegations of the complaint that the plaintiffs are suing in their representative capacity as receivers, and it is equally clear that the defendant, in his answer, attempts to meet the claim of the plaintiffs solely upon that theory. There is nothing in the complaint to indicate that the plaintiffs intended to sue in their individual capacities. The caption of the complaint is immaterial in cases of this kind; it is the body of the complaint which shows the capacity in which a party sues, not the designation in the title of the cause: Boone, Code Pl., sec. 9. It is not pretended, in fact, that the plaintiffs have any title to the property other than such as they acquired by virtue of the assignment by the company under and in pursuance of the order of the United States circuit court for the eastern district of Missouri.

In view, therefore, of the facts alleged, that plaintiffs were receivers, and that the car was a part of the property of the railroad company, transferred to them as such, and the denials that the car was part of the property transferred as alleged, or that the plaintiffs, as such receivers, ever took possession of it, it became a material issue whether the property had come into the hands of plaintiffs under the assignment from the railroad company, as alleged. The plaintiffs were not entitled to recover unless the property had been actually delivered into their custody before it came into this state. Even if the court had found the fact to be that the property had been delivered to the plaintiffs in Missouri, the evidence is insufficient to support such a finding. The court found in general terms that the plaintiffs were entitled to the possession of the car on the third day of April, 1885, when it was wrongfully taken from them by defendant, and retained by him until taken from him, by due process in replevin, on September 5, 1885. The finding does not answer the objections made to the sufficiency of the finding on the question of delivery. Under the issues it is a mere conclusion—a matter of law. The plaintiffs base their right to recover on certain facts alleged, some of which are denied. The defendant is entitled to specific findings of fact upon those issues. The defendant is a sheriff. He had seized the property as the property of the railroad company under a writ issued in an action against that company at the instance of a plaintiff claiming to be a legal creditor of the company, and this was the justification which he pleaded. If he levied the writ upon the property of the company, as required by the writ, he was justified: Pol. Code, sec. 4187.

Again, the defendant pleaded that the members of the firm of Payot, Upham & Co., plaintiffs in the attachment suit, were citizens of the state of California, and domestic creditors. The court found that Henry Payot and Isaac Upham were co-partners doing business in the city and county of San Francisco when the suit was commenced, but did not find whether they were citizens of the state. While, perhaps, the failure to find on this issue was due to a failure on the part of the defendant, upon whom rested the burden to supply the proof, and would not justify the reversal of the case, we think there should have been a finding as to whether said parties were

citizens of the state. The mere fact that they were copartners doing business in the city of San Francisco when the suit was commenced is insufficient.

As we are unable to determine the merits of the case without a finding upon the issue as to whether the car was ever transferred and delivered to the plaintiffs as a part of the property of the Wabash, St. Louis & Pacific Railroad Company the judgment must be reversed; and, as the judge who tried the case in the court below has gone out of office, the case cannot be referred simply for additional findings.

Judgment and order reversed and cause remanded for a new trial.